IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL AHAD, | : | |
| Petitioner | : | No. 1:16-cv-01864 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| | : | |
| WARDEN CRAIG A. LOWE, et al., | : | |
| Respondents | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Magistrate Judge Carlson's November 14, 2016 Report and Recommendation (Doc. No. 9), that recommends that the Court grant in part Petitioner Abdul Ahad's petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 (Doc. No. 1), challenging the constitutionality of Petitioner's twenty-month detention under 8 U.S.C. § 1225(b) while awaiting the completion of immigration removal proceedings without an individualized bond hearing and determination to justify his continued detention.  Specifically, relying on Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015), Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), cert. granted sub nom. Jennings v. Rodriguez, 136 S Ct. 2489 (2016), and other persuasive authority imposing temporal limitations on pre-removal detention in the immigration context, Magistrate Judge Carlson recommends granting the instant petition insofar as it requests an order directing that Petitioner be afforded a prompt individualized bond hearing, as "[f]undamental principles of fairness and due process compel that these aliens have some rights to bond consideration and may not face prolonged, indefinite immigration detention bereft of any right to due process in the form of an individualized bond determination." (Doc. No. 9 at 2.)

Respondent has objected to Magistrate Judge Carlson's Report and Recommendation, arguing that "[t]his Court should decline to import a reasonableness requirement into 8 U.S.C. § 1225(b)(2)(A)," but rather, adopt "the approach taken by the courts that have found that neither the statute nor the Constitution requires that aliens who are detained while seeking admission to the United States be provided with a bond hearing." (Doc. Nos. 10, 11 at 4.) Principally, Respondent disagrees with Magistrate Judge Carlson's interpretation and application of the developing due process jurisprudence in this field to support his finding that 8 U.S.C. § 1225(b) contains an implicit statutory reasonableness requirement and his recommendation that Petitioner be afforded an individualized bond hearing. (See Doc. No. 11.)

Having thoroughly considered the arguments raised in Respondent's brief in support of its objections to the Report and Recommendation (Doc. No. 11), this Court finds that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Respondent's objections in the Report and Recommendation itself. Thus, the Court will not write separately to address Respondent's objections and will adopt Judge Carlson's Report and Recommendation, with a slight modification, as provided below.

**ACCORDINGLY**, on this 6th day of January 2017, upon detailed review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation (Doc. No. 9), of Magistrate Judge Carlson;

2. Petitioner's petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 is **GRANTED IN PART** insofar as it seeks an individualized bond hearing;

3. An individualized bond hearing shall be conducted by an immigration judge within thirty (30) days of the issuance of this Order;

4. At this hearing, the immigration judge shall make an individualized inquiry into whether detention remains necessary to fulfill the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a danger to the community in

    accordance with Chavez–Alvarez v. Warden York County Prison, 783 F.3d 469, 475 (3d Cir. 2015);

5. At this hearing, the government shall bear the burden of presenting evidence and proving that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute in accordance with Diop v. ICE/Homeland Security, 656 F.3d 221, 233 (3d Cir. 2011); and

6. The Clerk of Court is directed to close this case.[1]

                                          s/ Yvette Kane
                                          Yvette Kane, District Judge
                                          United States District Court
                                          Middle District of Pennsylvania

---

[1] The Court declines Magistrate Judge Carlson's invitation to retain jurisdiction over this matter to conduct an individualized bond hearing in the event the immigration judge fails to do so in accordance with the legal benchmarks outlined in Magistrate Judge Carlson's Report and Recommendation. Rather, the Court embraces the approach adopted, and reasoning offered, by judges in this District presented with a similar recommendation. Indeed, this Court shares the Honorable Matthew W. Brann's "strong preference . . . to refrain from holding individualized bond hearings except in the most extraordinary circumstances," as to proceed otherwise would, from a policy standpoint, undergird such rules as "exhaustion and finality," especially where "'the Immigration Court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under Chavez-Alvarez,'" and would amount to an "entirely inefficient allocation of public resources." Quinteros v. Sabol, No. 4:15-CV-02098, 2016 WL 6525295, at *2 (M.D. Pa. Nov. 3, 2016) (quoting Soriano v. Sabol, 183 F. Supp. 3d 648 (M.D. Pa. 2016), appeal dismissed (Sept. 15, 2016) (Mannion, J.)). Accordingly, the Court will direct that this case be closed.